**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 07 2012, 10:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEANDRE L. MATHEWS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-416 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-1112-FB-86935

**December 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Deandre L. Mathews appeals his conviction for class B felony burglary, following a bench trial. The sole issue presented for our review is whether the evidence is sufficient to sustain his conviction. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

On November 14, 2011, at approximately 7:00 a.m., Kathy Dean left her home to go to work. She locked her door before she left. When she returned at 4:30 p.m., she found her kitchen window broken and the back door of the home open and dented. The kitchen drawers were open and the computer in her dining room was unplugged. A couch cushion and a plant had been moved in the living room and her wall-mounted television had been turned to face the ceiling. Two video game systems were missing. When she entered her bedroom, she noticed that her bedroom television was missing, as was her iPod Touch, a jar of coins, and $302 in cash. Her mattress was turned and her clothes had been strewn about. In her son's room, the wall-mounted television was also turned to face the ceiling. Her house was a "mess." Tr. at 7.

Dean immediately called the police. Indianapolis Metropolitan Police Department Officer Dustin Carmack responded to the scene. He observed that Dean's back door appeared to have been kicked open and that the house was ransacked. Officer Carmack noticed fingerprints on each side of the televisions that had been turned toward the ceiling. Testing subsequently matched Mathews's fingerprint to the only identifiable fingerprint on

2

the televisions. Dean had never met Mathews and he did not have permission to be in her home.

On December 12, 2011, the State charged Mathews with class B felony burglary and class D felony theft. Following a bench trial held on April 19, 2012, the trial court found Mathews guilty as charged. Determining that the counts merged, the trial court entered judgment of conviction only as to class B felony burglary and sentenced Mathews to thirteen years' incarceration. This appeal ensued.

**Discussion and Decision**

Mathews challenges the sufficiency of the evidence to sustain his class B felony burglary conviction. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We neither reweigh the evidence nor assess witness credibility. *Id*. We consider conflicting evidence most favorably to the judgment and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

To convict Mathews of class B felony burglary, the State was required to prove that Mathews broke and entered Dean's home with the intent to commit a felony therein. *See* Ind. Code §35-43-2-1. The felony alleged by the State was theft, that is, the knowing or intentional exertion of unauthorized control over another's property with the intent to deprive the other person of any part of its value or use. *See* Ind. Code § 35-43-4-2. "Circumstantial evidence alone is sufficient to sustain a burglary conviction." *Baker v. State*, 968 N.E.2d

3

227, 230 (Ind. 2012). Indeed, "a burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances." *Id.* (citations and quotation marks omitted). However, the evidentiary inference pointing to the defendant's intent must be separate from the inference of the defendant's breaking and entering. *Id.* In other words, the inference of intent must not derive from or be supported by the inference of breaking and entering. *Id.*

Here, the State presented ample evidence to support a reasonable inference that Mathews broke and entered Dean's home as well as a reasonable inference that he did so with the intent to commit theft therein. Dean's back door had been kicked open, the house was ransacked, and several items of value were missing. Drawers were left open and items moved, suggesting that the intruder was looking for additional items to take. Mathews's fingerprints were indentified on one of the moved items, a television. Dean did not know Mathews and he did not have permission to enter her home. This evidence is sufficient to prove that Mathews broke and entered Dean's home with the intent to commit theft therein.

On appeal, Mathews points to his self-serving testimony that he saw two "older guys" exiting Dean's home with valuables and that they must have been the ones who broke and entered her home with the intent to commit theft. Tr. at 26-27. He also testified that, although he admittedly entered Dean's home and watched some television, he did so because he wanted to escape the cold and the rain and he believed the home was vacant. The entirety of Mathews's argument is merely an invitation for this Court to reweigh the evidence and

4

reassess witness credibility on appeal, which we may not do.   The State presented sufficient evidence to sustain Mathews's class B felony burglary conviction.

Affirmed.

RILEY, J., AND BAILEY, J., concur.